<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLAQUAN JACKSON, | Civil Action No. 10-5452 (CCC) |
| Petitioner, | |
| v. | O P I N I O N |
| GREG BARTKOWSKI, et al., | |
| Respondents. | |

**APPEARANCES:**

Allaquan Jackson, <u>Pro Se</u>
273297C/422744
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Magdalen Czykier, Assistant Prosecutor
Essex County Prosecutor's Office
50 Market Street, 3rd Floor
Newark, NJ 07102
Attorney for Respondents

**CECCHI, District Judge**

Petitioner, Allaquan Jackson, a prisoner confined at the New Jersey State Prison, Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Greg Bartkowski, the Administrator of the facility, and the Attorney General of the State of New Jersey. Respondents have filed an answer, asserting as an affirmative defense that the petition is time-barred. For the reasons stated

herein, the petition will be dismissed, without prejudice, as time-barred.

## BACKGROUND

According to the petition, answer, and record of the case, Petitioner was convicted of murder, felony murder, burglary, making terroristic threats, and weapons charges in New Jersey state court. He was sentenced on July 20, 2001, in the Superior Court of New Jersey, Essex County, to a term of life imprisonment, with a thirty-year parole ineligibility period. Petitioner's convictions and sentences were affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division"). The New Jersey Supreme Court denied Petitioner's petition for certification by order filed on October 29, 2003.

Petitioner filed a motion for post-conviction relief ("PCR") in the trial court on September 21, 2005. The PCR motion was denied on April 27, 2007. The Appellate Division affirmed the denial of the PCR motion on February 17, 2009, and the New Jersey Supreme Court denied certification on December 16, 2009.

Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 21, 2010. He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and an Order to Answer was issued. On June 29, 2011, Respondents filed the answer and relevant state court record. Petitioner filed a reply on October 20, 2011.

In his habeas petition, Petitioner argues that he is entitled to habeas relief due to, <u>inter alia</u>, ineffective assistance of counsel, trial court errors, and a manifestly excessive sentence.  In their answer, Respondents argue that Petitioner's grounds for relief have no merit, and that the petition is untimely.

## DISCUSSION

### A. Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

### B. The Petition is Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment

4

became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," through the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.[1] However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of

---

[1] To statutorily toll the limitations period pursuant to § 2244(d)(2), a state petition for post-conviction relief must be "properly filed." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected as untimely under state statute of limitations was not "properly filed" for purposes of § 2244 (d)(2)).

5

his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. <u>See</u> <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," <u>i.e.</u>, if a petitioner has filed a timely but unexhausted federal habeas petition. <u>See</u> <u>Jones</u>, 195 F.3d at 159; <u>see also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal

habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner's direct appeal concluded on October 29, 2003, and the last date in which Petitioner could have petitioned the United States Supreme Court for certiorari would have been January 27, 2004. Thus, the conviction became "final" on that date. Petitioner had one year, or until January 26, 2005, to file an application for a writ of habeas corpus in this Court.

Petitioner did not file his PCR motion until September 21, 2005, well past the one-year limitations period. Petitioner did not file this habeas petition until October 21, 2010. Because the one-year time limit had expired prior to filing his PCR motion, his PCR motion did not serve to toll the limitations period. As such, it is clear from the record provided by Respondents that this petition is untimely.

This Court has reviewed Petitioner's reply and finds that Petitioner asserts no facts that would indicate that his petition should be equitably tolled. Accordingly, this petition must be dismissed as time-barred.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

8

## CONCLUSION

For the reasons set forth above, the petition is dismissed. If Petitioner can demonstrate that his petition should be statutorily or equitably tolled, he may file a motion to reopen the case, setting forth his argument clearly and concisely, for this Court to consider. An appropriate order follows.

_____
CLAIRE C. CECCHI
United States District Judge

Dated: July 11, 2012