**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ALLAQUAN JACKSON,

    Petitioner,

vs.

GREG BARTKOWSKI, et al.,
    Respondents.

Civil Action No. 10-5452
(CCC)

**OPINION**

---

**APPEARANCES:**

Allaquan Jackson, Pro Se
273297C/422744
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Magdalen Czykier
Essex County Prosecutor's Office
50 Market Street
Newark, NJ 07102
Attorney for Respondents

**CECCHI, District Judge.**

Petitioner, Allaquan Jackson, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed as untimely by this Court on July 11, 2012 (ECF Nos. 19, 20). Petitioner filed a motion to reopen his case on November 5, 2012 (ECF No. 24), arguing that the case should be considered timely. Respondents opposed the motion (ECF No. 28) to which Petitioner replied (ECF No. 29). For the following

reasons, and for the reasons set forth in this Court's previous Opinion, the motion will be denied.

## BACKGROUND

On July 11, 2012, this Court dismissed Petitioner's habeas petition as untimely, noting that Petitioner's conviction became final on January 27, 2004. (ECF No. 19, p. 7). Petitioner had one year, or until January 26, 2005, to either file a post-conviction relief motion ("PCR motion") in state court (and thereby toll the limitations statute), or to file his habeas petition in this court. (*Id.*). Petitioner did not file his PCR motion until September 21, 2005, well after the January 26 deadline. He did not file this habeas petition until October 21, 2010. (*Id.*). Thus, his petition before this Court was deemed untimely. (*Id.*). However, this Court allowed Petitioner the opportunity to file a motion to reopen in order to give him the chance to demonstrate that his case should be statutorily or equitably tolled, if applicable. (*Id.* at p. 8).

Petitioner filed a motion to reopen on November 5, 2012. (ECF No. 24). In his motion to reopen, Petitioner argues that his filing of his PCR motion was actually within the limitations period; he states that it was mailed to the state court on December 19, 2003, but was lost by the Essex County Criminal

Division. (Motion, ECF No. 24, *Certification of James Martin*, ¶ 5). In support of his argument, Petitioner attaches a letter, dated July 24, 2004, in which he inquired about the status of his PCR petition. (Motion, ECF No. 24 at Pa 3).

Respondents argue that Petitioner has presented no credible evidence, and there is none otherwise in the record, to support his assertion that he filed a PCR motion in state court in December 2003 which would toll the statute of limitation on his § 2254 petition. (Opposition, ECF No. 28, pp. 2-3). After serving a subpoena to acquire Petitioner's inmate account statement, Respondents note a "postage" deduction of $1.06 in December of 2003, when Petitioner allegedly submitted the PCR motion. (*Id.*) Respondents point out that the postage taken from Petitioner's account in December of 2003 does not correspond to any legal mail deduction. (*Id.*) Further, while Petitioner's 2005 PCR motion is noted as legal mail in the account with postage of $7.63, Petitioner's alleged 2003 PCR motion does not so appear as a legal mail entry, and the discrepancy in the amount of postage "raise[s] further doubts as to Petitioner's present contentions." (*Id.*) Finally, the letter attached to Petitioner's motion dated July 24, 2004, is not stamped filed or received, and no copy of it is found in the

3

state case file that the Respondents received pursuant to subpoena. (*Id.*)

Petitioner's reply argues the same as his motion; that Respondents don't understand how the legal mail system works, and that his petition is timely based upon the proofs presented (ECF No. 29).

## **DISCUSSION**

In this case, Petitioner was permitted to file this motion to reopen to demonstrate that his habeas petition could be subjected to statutory or equitable tolling.

As discussed in this Court's Opinion and Order (ECF No. 19), the limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1—year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2, above, sets forth the basis for statutory tolling.

The limitations period of § 2244(d) also is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, 534 U.S. 944 (2001. However, the Court of Appeals has cautioned that equitable tolling should be invoked sparingly. *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (citations and punctuation marks omitted).

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled by the respondent; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Here, this Court has reviewed the record before it, as well as Petitioner's motion and response to the opposition (ECF No. 29), and finds that Petitioner has not demonstrated that his case should be reopened. This Court agrees with Respondents that there is no evidence in the record to support Petitioner's contention that he filed a PCR petition in 2003. Petitioner's state court file does not reflect such a filing. In fact, the documents attached as exhibits to Petitioner's reply to opposition concern Petitioner's September 21, 2005 PCR motion, denied on April 27, 2007.

As such, Petitioner has not demonstrated that his petition should be statutorily tolled or his case reopened; his petition remains denied as untimely.[1]

---

[1] Because this Court finds that Petitioner's § 2254 petition is untimely based on the 2005 filing of the PCR motion, this Court need not address Respondents' alternative argument in opposition to the motion that even if the PCR motion was filed in 2003, it is still untimely.

## **CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion to reopen the petition for a writ of habeas corpus. An appropriate order follows.

          *s/Claire C. Cecchi*
          CLAIRE C. CECCHI
          United States District Judge

Dated: June 26, 2013